**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BEN GARY TREISTMAN et al.,**

                                 **Plaintiffs,**                    **1:12-cv-1897**
                                                                    **(GLS/CFH)**

                 **v.**

**VALERIE LYN WACKS, ESQ. et**
**al.,**

                                 **Defendants.**

_____

## SUMMARY ORDER

On June 4, 2013, Cynthia Feathers, Esq., attorney and guardian ad

litem for plaintiff A.T., filed a report that outlines A.T.'s opposition to the

application for a temporary restraining order and preliminary injunction filed

by plaintiff *pro se* Ben Gary Treistman on behalf of himself and A.T., and

her desire to have all claims asserted on her behalf dismissed.  (*See* Dkt.

No. 31.)  Because A.T. is now represented and her position regarding this

litigation could not be more clear, the court may now consider the merits of

the stayed application by order to show cause.  *See Berrios v. N.Y.C.*

*Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009); (Dkt. No. 12.)  That

application seeks a temporary restraining order and preliminary injunction

prohibiting defendants "from interfering with, obstructing, coercing against,

sanctioning against, penalizing, or preventing the [plaintiffs] from

discussion and free conversation of their pending or future court matters."

(Dkt. No. 12, Attach. 1 at 1-2.)

"[P]reliminary injunctive relief is an extraordinary remedy and should

not be routinely granted." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986).

"In most cases, to warrant the issuance of a preliminary injunction, a

movant must show (a) irreparable harm and (b) either (1) a likelihood of

success on the merits of the claim or (2) sufficiently serious questions

going to the merits, and a balance of hardships tipping decidedly in favor of

the moving party." *Phelan v. Hersh*, No. 9:10–CV–0011, 2010 WL 277064,

at *5 (N.D.N.Y. Jan. 20, 2010) (citing *D.D. ex rel. V.D. v. N.Y.C. Bd. of

Educ.*, 465 F.3d 503, 510 (2d Cir. 2006)).

Notably, A.T. has informed the court since the appointment of

Feathers that she "does not have an interest that she needs to protect via

such application." (Dkt. No. 31 at 3.)  Accordingly, the court denies the

application with respect to A.T. for that reason alone.  It is denied with

respect to Treistman because of his failure to make the necessary showing

under the applicable standard.  In particular, he has not shown a likelihood

of success on the merits of his underlying claims, which pertain mostly to

his allegations that defendants violated his rights in relation to his communication with A.T. during supervised visitation, (*see generally* Compl., Dkt. No. 1), or sufficiently serious questions going to the merits, and a balance of hardships in his favor.  Accordingly, the application is also denied as it relates to Treistman.

The court now turns to A.T.'s recent filing, which the court construes as a motion seeking that the claims asserted on her behalf by Treistman—who was not authorized to represent her *pro se*—be dismissed.[1]  (*See* Dkt. No. 31; *see also* Dkt. No. 19.)  In support of that application, A.T. expresses that she has no interest in the litigation, and it appears that it is having a negative impact on her well being.  (*See* Dkt. No. 31 at 3.)  In light of the foregoing, the court hereby dismisses all claims asserted on A.T.'s behalf.

**ACCORDINGLY**, it is hereby

**ORDERED** that plaintiffs' application for a temporary restraining order and preliminary injunction (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that all claims asserted on behalf on A.T. are

---

[1] Necessarily, the court grants A.T. leave to so move.  *See* N.D.N.Y. L.R. 17.1(a).

**DISMISSED**; and it is further

     **ORDERED** that the Clerk **TERMINATE** A.T. as a plaintiff in this case;

and it is further

     **ORDERED** that the Clerk **TERMINATE** Cynthia Feathers, Esq. as

attorney and guardian ad litem for A.T.; and it is further

     **ORDERED** that the Clerk provide a copy of this Summary Order to

the parties.

**IT IS SO ORDERED.**

June 5, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court