UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF NEW YORK
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Ben Gary Treistman,

                          Plaintiff,

    -against-

Valerie Lyn Wacks, Esq.,
Amy Greene,
Kelly Whittaker,
Elisabeth Krisjanis, Esq.,
Jillian Jackson, Esq.,
Barbara Sorkin
Denise Woltman,
Charlene Boswell,
Mary Ellen Schneider,
Joseph Bennett,
Other Unknown Named Persons,
Ulster County Municipality via its agencies
    Ulster County Child Protective Service &
    Ulster County Mental Health Dept.,

All within their personal and official capacities,

                          Defendants.
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Case No.: 1:12-cv-1897
        (GLS/CFH)

**ANSWER TO**
**AMENDED COMPLAINT**

    The defendants, Amy Greene, Kelly Whittaker, Elisabeth Krisjanis, Esq., Jillian Jackson, Esq., Barbara Sorkin, Denise Woltman, Charlene Boswell, Mary Ellen Schneider, Joseph Bennett, Ulster County, Ulster County Child Protective Services and Ulster County Mental Health Department, for their answer to the amended complaint herein, by their attorneys, Cook, Netter, Cloonan, Kurtz & Murphy, P.C., respectfully show to the court and allege:

                          I.

    That they deny having knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered "I", "II", "III", "IV", "V", "VI", 1", "2", "3", "4", "5", "6", "7", "8", "9", "10", "11", "12(a)", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21" "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40",

"41", "42", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73", "79", "89", "91", "92", "93", "94", "95", "97", "98", "99", "100", "104", "109", "110", "111", "122", "123", "124", "129", "134", "145", "148", "155", "164", "170", "178", "185", "190", "199", "200" and "201" of the amended complaint herein.

II.

That they deny the allegations contained in the paragraphs numbered "43", "74", "75", "78", "80", "83", "84", "85", "86", "87", "88", "90", "96", "101", "102", "103", "105", "106", "107", "108", "112", "113", "114", "115", "116", "117", "118", "119", "120", "121", "125", "126", "127", "128", "130", "131", "132", "133", "135", "136", "137", "138", "139", "140", "141", "142", "143", "144", "146", "147", "149", "150", "151", "152", "153", "154", "156", "157", "158", "159", "160", "161", "162", "163", "165", "166", "167", "168", "169", "171", "172", "173", "174", "175", "176", "179", "180", "181", "182", "183", "186", "187", "188", "189", "191", "192", "193", "194", "195", "196", "198", "202", "203" and "204" of the amended complaint herein.

III.

That they deny each and every allegation of the complaint not hereinbefore expressly and specifically admitted, controverted or denied.

**AS AND FOR A FIRST, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

IV.

That the plaintiff has failed to acquire personal jurisdiction over the answering defendants.

**AS AND FOR A SECOND, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

V.

That the plaintiff, Ben Gary Treistman, does not have standing to assert the claims set forth in the complaint.

### AS AND FOR A THIRD, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

VI.

That plaintiff's amended complaint fails to state a cause of action.

### AS AND FOR A FOURTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

VII.

That this action against the defendants is barred by the doctrines of absolute and/or qualified immunity.

### AS AND FOR A FIFTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

VIII.

That the claims against the defendants are barred by the immunity provisions of Section 419 of the New York Social Services Law.

### AS AND FOR A SIXTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

IX.

That this action is barred by the applicable statute of limitations.

### AS AND FOR A SEVENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

X.

That the defendants acted at all times with probable cause and without malice.

### AS AND FOR AN EIGHTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

XI.

That there is another action pending in a Court of competent jurisdiction seeking the same relief as requested in the complaint.

**AS AND FOR A NINTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

XII.

That plaintiffs' complaint is barred by the doctrine of res judicata.

**AS AND FOR A TENTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

XIII.

That plaintiff's complaint is barred by the doctrine of collateral estoppel.

**AS AND FOR AN ELEVENTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

XIV.

That the alleged defamatory statements set forth in the complaint were believed to be true and/or are true and were communicated without malice.

**AS AND FOR A TWELFTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

XV.

That the alleged defamatory statements have not caused any special damages nor constitute defamation per se.

**AS AND FOR A THIRTEENTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:**

XVI.

That the alleged defamatory statements reflect an expression of opinion and do not

constitute defamatory statements.

### AS AND FOR A FOURTEENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

XVII.

That the alleged damages sustained by the plaintiff, Ben Gary Treistman, herein were caused solely by the conduct of the plaintiff or were contributed to by the conduct of the plaintiff or the risks were assumed by the plaintiff and if it is determined that the plaintiff is entitled to recovery, the defendant demands that the verdict be apportioned in accordance with the culpable conduct attributable to the plaintiff.

### AS AND FOR A FIFTHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE:

XVIII.

That upon information and belief, the defendants' liability is limited pursuant to New York Civil Practice Laws and Rules Section 1601.

### AS AND FOR A CROSS-COMPLAINT AGAINST THE DEFENDANT, VALERIE LYN WACKS, ESQ.

XIX.

If the defendants, Amy Greene, Kelly Whittaker, Elisabeth Krisjanis, Esq., Jillian Jackson, Esq., Barbara Sorkin, Denise Woltman, Charlene Boswell, Mary Ellen Schneider, Joseph Bennett, Ulster County, Ulster County Child Protective Services and Ulster County Mental Health Department, are held liable as alleged in the complaint of the plaintiffs herein, the said defendants will be entitled to contribution and/or indemnification from the defendant, Valerie Lyn Wacks, Esq., in an amount to be apportioned and determined at the trial of this action.

**WHEREFORE**, the answering defendants demand judgment dismissing the complaint

of the plaintiff, as against them, or in the alternative, diminution of damages based on the culpable conduct of the plaintiff and judgment over and against the plaintiff and defendant, Valerie Lyn Wack, Esq., in an amount to be apportioned and determined at the trial of this action, together with the costs and disbursements of this action, and reasonable attorney's fees.

**THE DEFENDANTS DEMAND A TRIAL BY JURY.**

Dated: July 21, 2015

*[signature]*

ERIC M. KURTZ, ESQ. #103869
COOK, NETTER, CLOONAN, KURTZ & MURPHY, P.C.
ATTORNEYS FOR THE ULSTER COUNTY DEFENDANTS
IDENTIFIED ABOVE
85 MAIN STREET, PO BOX 3939
KINGSTON, NEW YORK 12402

TO: BEN GARY TREISTMAN
PRO SE PLAINTIFF
28 GARRISON ROAD
SHADY, NEW YORK 12409

UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF NEW YORK
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Ben Gary Treistman,

                       Plaintiff,

     -against-

Valerie Lyn Wacks, Esq.,
Amy Greene,
Kelly Whittaker,
Elisabeth Krisjanis, Esq.,
Jillian Jackson, Esq.,
Barbara Sorkin
Denise Woltman,
Charlene Boswell,
Mary Ellen Schneider,
Joseph Bennett,
Other Unknown Named Persons,
Ulster County Municipality via its agencies
     Ulster County Child Protective Service &
     Ulster County Mental Health Dept.,

All within their personal and official capacities,

                       Defendants.

Case No.: 1:12-cv-1897
(GLS/CFH)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2015, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

1.     ERIC SCHNEIDER, ESQ.

2.     BEN GARY TREISTMAN

                       _____
                       ERIC M. KURTZ, ESQ. #103869
                       COOK, NETTER, CLOONAN, KURTZ & MURPHY, P.C.
                       ATTORNEY FOR DEFENDANT/ROBERTSON
                       85 MAIN STREET, PO BOX 3939
                       KINGSTON, NEW YORK 12402
                       (845) 331-0702